[Civ. No. 12692.    Second Appellate District, Division Two.—March 21, 1941.]

KATHERINE McAVOY, Appellant, v. HELMS BAKERIES (a Corporation), Respondent.

Entenza & Gramer, S. E. Gramer, Marvin Wellins and William Rains for Appellant.

Mills, Hunter, Dunn & Liljestrom and C. R. Liljestrom for Respondent.

WOOD, J.—Plaintiff commenced this action to recover damages for injuries which she suffered when she was struck by a truck owned by defendant. By a nine to three vote the jury returned a verdict in favor of defendant and plaintiff appeals from the resulting judgment.

The accident occurred at about 6 o'clock P. M. on October 31, 1938, at the intersection of Elm Drive and Pico Boulevard in the city of Los Angeles. Plaintiff was walking from north to south across Pico Boulevard on an unmarked crosswalk. The evidence as to the point at which plaintiff was struck is conflicting. Plaintiff's evidence tended to establish that she was struck at a point one or two feet north of the center line of Pico Boulevard by defendant's truck as it was being driven in an easterly direction on Pico Boulevard. Evidence on behalf of defendant tended to establish that plaintiff was struck as she stepped two or three feet south of the center line of Pico Boulevard. Automobile traffic was heavy at the time.

On this appeal it is plaintiff's contention that "it was error for the trial court to refuse to comply with the request of the jury delivered through the bailiff to re-read the instructions which had previously been given by the court concerning the right of the plaintiff to walk across Pico Boulevard at the point where she was walking when she was struck by defendant's truck and to refuse to give further instructions". She cites section 614 of the Code of Civil Procedure and asserts that it was obligatory upon the court to re-read the instructions and to further instruct the jury. This section reads as follows: "After the jury have retired for deliberation, if there be a disagreement between them as to any part of the testimony, or if they desire to be informed of any point of law arising in the cause, they may require the officer to conduct them into court. Upon their being brought into court, the information required must be given in the presence of, or after notice to, the parties or counsel". Among the answers presented to plaintiff's contention defendant asserts that the court did not refuse any request to the jury to have instructions re-read or to give them

further instructions. The instructions actually given were complete and free from error.

In support of her contention plaintiff presented to the trial court four affidavits, one by her attorney, Mrs. S. E. Gramer, and three by members of the jury. In Mrs. Gramer's affidavit she states that she was in the court room "at all times from the time the jury was instructed and left to deliberate until they returned a verdict". The balance of her affidavit consists of conclusions and hearsay statements, for she says that "she did not know at the time she was seated in the court room when the bailiff returned with the request for instructions that the jury had made such request". She set forth in the affidavit that approximately one and one-half hours after the jury had retired the bailiff was called to the jury room and returned to the court room with a request from all of the jurors that the court re-read the instructions given concerning the right of plaintiff to walk across Pico Boulevard at the point where she was walking when she was struck by the truck and with a request for further instructions "if necessary to clarify the said point". She further sets forth that she "is informed and believes and therefore alleges that the said request when communicated to the judge, who was present, was refused." The affidavit contains further statements giving her view that the instructions "were extremely conflicting and were not understood by certain jurors when read". In the affidavits of the jurors it is set forth that during their deliberations the jury voted unanimously in favor of a motion to request the judge to give further instructions to clarify the rights of plaintiff to be in the crosswalk at the time she was struck and "that this request was transmitted to the court through the bailiff in charge of the jury and that the court sent word back to the jury through the bailiff that the request was denied". These affidavits were executed by the three jurors who did not join in the verdict.

Assuming, without deciding, that the affidavits of the jurors could be used for the purpose for which they were presented, we must nevertheless uphold the judgment on the record before us. When the court finished giving its formal instructions to the jury one of the jurors asked if it would "be possible for us to take that section of the Motor Vehicle Code". To this the court replied: "No; that is one thing

you can't do. Not in a civil case. I can't give you the instructions that I have just read to you. If at any time, however, you feel that you have to have them read again—I hope you don't—if you feel that you have to, why, then instruct the bailiff and decide on what portion of instructions you want read again and I will read them. I tried to read them clear enough." At the time the motion for a new trial came on for hearing the judge was sworn as a witness and he testified as follows: 'Now, as to this particular matter, I at no time in any case involving a jury refused to give additional instructions, nor to re-read the instructions already given but, however, having no independent recollection of what did happen in this particular case, I cannot say as to what conversation with the bailiff went on. That is all. That is the best I can do".

It is provided in section 614 of the Code of Civil Procedure that if the jury desires to be informed on any point of law, "they may require the officer to conduct them into court". No showing has been made by the affidavits of the jurors or otherwise that they requested that they be conducted into court.

Although the court suggested at the hearing of the motion for new trial that an affidavit might be secured from the bailiff, the record does not disclose any affidavit by this official.

The sworn statement of the trial judge presents a sufficient answer to plaintiff's contention. In his testimony, which was given more than six months after the trial, the judge states that although he had no independent recollection of his conversation with the bailiff he at no time in any case refused to re-read instructions already given to a jury or to give them additional instructions. This statement of the judge, considered together with his voluntary suggestion to the jury at the close of his formal instructions to them that he would re-read to them the instructions upon their request to the bailiff, affords sufficient proof that there was in fact no refusal on the part of the judge to re-read the instructions or to give additional instructions. The statement of the judge is not contradicted by any of the affidavits presented by plaintiff, for it is affirmatively shown in the affidavits that none of the affiants had personal knowledge of any action taken by the judge or of any action he failed to take.

Our conclusions above set forth make it unnecessary to determine whether a refusal of the court to re-read instructions or to give further instructions on points which had been properly covered, if made in the manner set forth in section 614 of the Code of Civil Procedure, would call for a reversal of the judgment.

The purported appeal from the order denying a new trial is dismissed.

The judgment is affirmed.

Moore, P. J., and McComb, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied May 19, 1941.